UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHS HOSPITAL CORP. d/b/a MORRISTOWN MEDICAL CENTER,<br><br>*Plaintiff*,<br><br>v.<br><br>TOBIA IPPOLITO,<br><br>*Defendant*. | Civil Action No. 19-12052<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court upon Defendant Tobia Ippolito's notice of removal and his application to proceed *in forma pauperis*. D.E. 1.

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Defendant sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs. When allowing a plaintiff to proceed *in forma pauperis*, however, the Court must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1447(c); *see also New Jersey v. Aristeo*, No. 14-7911, 2014 WL 7404539, at *1-2 (D.N.J. Dec. 30, 2014) (granting *in forma pauperis* application of removing defendant and *sua sponte* remanding the action for lack of subject matter jurisdiction), *aff'd*, 610 F. App'x 95 (3d Cir.

2015). Because Defendant is proceeding *pro se*, the Court construes Defendant's papers liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not credit a *pro se* party's "'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

When a case is filed in state court, a defendant may remove any action over which federal courts have original subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). The party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). This burden is heavy, since removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* For removal to be proper based on federal question jurisdiction, a federal court must have original jurisdiction, that is, the removed claims must arise from a "right or immunity created by the Constitution or laws of the United States." *Concepcion v. CFG Health Sys. LLC*, No. 13-02081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In determining whether a complaint alleges a federal question, courts are generally guided by the well-pleaded complaint rule.[1] According to the rule, "a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Concepcion*, 2013 WL 5952042, at *2.

Defendant is removing a matter in which Plaintiff is attempting to recover approximately $5,000 of unpaid medical bills. *See* Notice of Removal at 13-16. The Complaint does not raise a

---

[1] Although a defendant may also seek to remove a matter based on diversity jurisdiction, 28 U.S.C. § 1332, Defendant's notice of removal only addresses federal question jurisdiction. Therefore, the Court will not consider whether diversity jurisdiction exists at this time.

2

federal question on its face. Defendant, however, appears to argue that the medical bills were incurred while he was incarcerated at county correctional facilities and that resolution of the matter involves a substantial question of federal law. *See generally* Notice of Removal. These arguments, however, appear to relate to a potential federal affirmative defense, not something that Plaintiff alleged in its Complaint. "Federal jurisdiction cannot be established by a federal defense or by challenging the merits of a claim." *Rutter v. Wright*, No. 15-4418, 2015 WL 3949092, at *2 (D.N.J. June 29, 2015) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

This case also does not meet the federal question jurisdiction standard recognized in *Smith v. Kan. City Title & Tr. Co.*, 255 U.S. 180 (1921) or its progeny, including *Gunn v. Minton*, 568 U.S. 1 (2013). Therefore, the Court lacks subject matter jurisdiction over this matter. As such, remand is proper.

Accordingly, and for good cause shown,

IT IS on this 16th day of May, 2019,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Defendant Tobia Ippolito's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Notice of Removal without prepayment of the filing fee; and it is further

**ORDERED** that this matter is **REMANDED** to the Superior Court of New Jersey, Morris County for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Defendant by regular mail and by certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

_____
John Michael Vazquez, U.S.D.J.