NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHS HOSPITAL CORP. d/b/a MORRISTOWN MEDICAL CENTER,<br><br>*Plaintiff,*<br><br>v.<br><br>TOBIA IPPOLITO,<br><br>*Defendant.* | Civil Action No. 19-12052<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of a motion for reconsideration brought by *pro se* Defendant Tobia Ippolito. D.E. 8. Defendant objects to the Court's May 16, 2019 Opinion and Order (the "May 16 Opinion") that *sua sponte* determined that this Court lacked subject matter jurisdiction and remanded the matter to the Superior Court of New Jersey. D.E. 2. Defendant also seeks leave to file a motion for pro bono counsel. D.E. 8. The Court reviewed the submissions Defendant filed in support of his motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **DENIED**.

### I.   BACKGROUND

Defendant removed the instant matter to this Court on May 1, 2019. D.E. 1. The Complaint, which was filed by Plaintiff in the Superior Court of New Jersey Special Civil Part, asserted claims for breach of contract, unjust enrichment, and quantum meruit, and seeks payment

of approximately $5,000 in unpaid medical bills from Defendant. D.E. 1. In the notice of removal, Defendant explained that he incurred the medical expense while he was incarcerated at a county correctional facility and his injuries appear to have resulted from alleged constitutional violations that Defendant incurred during his incarceration.

Defendant filed an application to proceed *in forma pauperis* with his notice of removal. As a result, the Court screened Defendant's notice of removal pursuant to 28 U.S.C. § 1915. May 16 Opinion at 1-2. The Court granted Defendant's application to proceed *in forma pauperis* but remanded the matter for lack of subject matter jurisdiction because the Complaint does not raise a federal question on its face and also does not meet the federal question jurisdiction standard recognized in *Smith v. Kan. City Title & Tr. Co.*, 255 U.S. 180 (1921) or its progeny, including *Gunn v. Minton*, 568 U.S. 251 (2013). *Id.* at 2-3.

Defendant seeks reconsideration of the May 16 Order. Def. Br. at 5. Defendant argues that this matter is factually similar to another case in District of New Jersey that recently settled, and that this Court did not have all of the relevant facts before it when it remanded this matter. *Id.* at 6. Defendant contends that, as explained in his notice of removal, he intends to file a counterclaim and crossclaim against third-party defendants that would have provided the Court with a full factual record. *Id.* at 7. As for Defendant's contention that this Court was not presented with all of the relevant facts, Defendant maintains that he was subjected to excessive force and that the inappropriate use of force occurred as a result of religious animus in violation of his constitutional rights. *Id.*

2

## II.     MOTION FOR RECONSIDERATION STANDARD

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i).[1] The rule provides that such motions must be made within fourteen days of the entry of an order. Defendants have complied with this time requirement. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Allowing a motion for reconsideration to go forward is an "extraordinary remedy" to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted). A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

---

[1] Defendant brings this motion for reconsideration pursuant to Fed. R. Civ. P. 59. Rule 59(e) allows a court to "alter or amend a judgment." Fed. R. Civ. P. 59(e). "Because there has been no final judgment entered under Federal Rule of Civil Procedure 54(b), a Rule 59(e) motion is inapplicable." *J.C. v. Richards*, No. 18-13947, 2019 WL 3369690, at *1 (D.N.J. July 26, 2019) (quoting *Jones v. Sanko S.S. Co.*, No. 10-6787, 2016 WL 819618, at *10-11 (D.N.J. Mar. 2, 2016)). But Defendant is proceeding *pro se* in this matter. Therefore, the Court construes Defendant's papers liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the Court will construe this motion as one for reconsideration pursuant to Local Civil Rule 7.1(i).

3

### III. <u>ANALYSIS</u>

Defendant argues that this Court should grant his motion for reconsideration in light of new evidence and to prevent manifest injustice because the Court was not previously presented with the full factual record. Def. Br. at 6. Neither are an appropriate basis for reconsideration of the May 16 Order. Because the Complaint did not raise a federal question on its face, the Court *sua sponte* remanded the matter for lack of federal question jurisdiction. May 16 Order at 2-3. As discussed, in determining whether a complaint alleges a federal question,[2] courts are generally guided by the well-pleaded complaint rule. According to the rule, "a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013); *see also Palmer v. Univ. of Med. & Dentistry of N.J.*, 605 F. Supp. 2d 624, 633 (D.N.J. 2009) (explaining that "the well-pleaded complaint rule requires federal question jurisdiction be established squarely within the four corners of the plaintiff's complaint for removal purposes"). The fact that a counterclaim or third-party claim may implicate federal law is not enough to confer federal question jurisdiction. *See Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401-02 (D.N.J. 2015) (remanding case for lack of subject matter jurisdiction "irrespective of Defendants' reliance upon a federal defense and/or assertion of a federal counterclaim"); *Palmer*, 605 F. Supp. 2d at 633 (concluding that third-party claims cannot be the basis for federal question jurisdiction). Consequently, even if Defendant did provide the Court with a full factual picture

---

[2] As addressed in the May 16 Order, Defendant's notice of removal only addresses federal question jurisdiction. Therefore, the Court did not address diversity jurisdiction. In his motion for reconsideration, Defendant still does not appear to assert that this Court has diversity jurisdiction over the matter. The Court does not see a basis for diversity jurisdiction.

4

and asserted his anticipated counterclaim and third-party claims, this Court still would not have federal question jurisdiction.

Defendant argues that this case closely resembles *Thomas v. Salem County Board of Chosen Freeholders*, No. 17-5252, D.E. 1 (D.N.J. July 18, 2017). Unlike the instant matter, the complaint in *Thomas* asserted § 1983 claims alleging that the defendants violated the plaintiff's First and Fourteenth Amendment rights. Critically, *Thomas* was filed in federal court from the inception and the plaintiff's § 1983 claims were not brought as third-party claims or counterclaims. Thus, even if Defendant's factual allegations are similar to *Thomas*, whether Defendant asserts § 1983 claims through a counterclaim (or a third-party claim) is irrelevant to this Court's subject matter jurisdiction. As a result, Defendant's motion for reconsideration is denied.

Defendant also argues that he should be provided with time to file a motion for pro bono counsel. Def. Br. at 8. Because this Court lacks subject matter jurisdiction, it cannot consider whether pro bono counsel should be appointed. As a result, Defendant's motion for leave to file a motion for pro bono counsel is denied as moot.

Accordingly, and for good cause shown,

IT IS on this 20th day of August, 2019,

**ORDERED** that Defendant Tobia Ippolito's motion for reconsideration and for leave to file a motion for pro bono counsel (D.E. 8) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Defendant by regular mail and by certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.